## GIUSTINA BROS. LUMBER & PLYWOOD CO. v. STATE TAX COMMISSION

Vernon D. Gleaves, Eugene, argued the cause for plaintiff. Vernon D. Gleaves, Eugene, and Butler, Husk & Gleaves, Eugene, filed briefs for plaintiff.

Alfred B. Thomas, Assistant Attorney General, Salem, argued the cause for defendant, and submitted briefs.

Decision for defendant rendered June 17, 1965.

EDWARD H. HOWELL, Judge.

This is a suit for cancellation of certain personal property assessments against logs in Lane County.

Giustina Veneer Company and Giustina Bros. Lumber Company were separate corporations who shared certain facilities and operated out of the same log pond in Eugene. The Veneer Company used the logs in the pond that qualified as peeler logs and the Lumber Company used the remainder. This resulted in the Veneer Company receiving 50-60% of the logs. Other logs were kept in a storage pond called the Springfield pond. Logs were removed from the Springfield storage pond to the Eugene pond as they were needed.

All of the logs in the Springfield pond were car-

ried on the books of the Lumber Company until late in December of each year in question when they were transferred from the books of the Lumber Company to the Veneer Company. In each case in January, approximately one month after the transfer, the logs were transferred back to the Lumber Company.

The Lumber Company used the inventory on hand basis for computing their personal property tax (ORS 308.105, ORS 308.250) and the Veneer Company used the average monthly inventory (ORS 308.292) to compute their personal property tax.

The tax commission contends the transfer was not a bona fide transfer and that the Lumber Company was the true owner of the property on January 1 of each year involved.

The journal entries on the books of the Lumber Company show the following transfer of the logs:

|  |  | Bd. Ftg. | Amount |
|---|---|---|---|
| Dec. 31, 1959 | Sale to Giustina Veneer Co. | 5,514,720′ | $254,692.36 |
| Jan. 29, 1960 | Purchase from Giustina Veneer Co. | 5,514,720′ | 254,692.36 |
| Dec. 30, 1960 | Sale to Giustina Veneer Co. | 3,420,250′ | 155,475.46 |
| Jan. 29, 1961 | Purchase from Giustina Veneer Co. | 3,420,250′ | 155,475.46 |
| Dec. 29, 1961 | Sale to Giustina Veneer Co. | 3,791,290′ | 170,944.50 |
| Jan. 28, 1962 | Purchase from Giustina Veneer Co. | 3,791,290′ | 170,944.50 |
| Dec. 30, 1962 | Sale to Giustina Veneer Co. | 4,907,530′ | 234,650.03 |
| Jan. 27, 1963 | Purchase from Giustina Veneer Co. | 4,907,530′ | 234,650.03 |

It is noted that in each instance the amount of the sale and repurchase is exactly the same. The dates of the transfer in each month are the same within a day or two. No further change, physical or otherwise, occurred.

■ It appears to be obvious from the pattern followed that the parties intended the transfers to be only temporary with the intent to retransfer after the assessment date. *In re Hayes' Estate,* 161 Or 1, 25, 86 P2d 424, 87 P2d 766 (1939). The only thing that occurred in this case was some entries in the companies' accounting records showing the transfer and retransfer. This is held insufficient to constitute a legal transfer.

The order of the State Tax Commission is sustained.